All Writs; mandamus; certiorari; Court of Claims; jurisdiction. — The Kalispel Tribe of Indians filed a petition with the Indian Claims Commission (Ind. Cl. Comm. Docket No. 94) to recover compensation for the alleged taking of lands held by the tribe under Indian title. The Indian Claims Commission determined that the United States was liable for the taking of 2,373,000 acres. 6 Ind. Cl. Comm. 353,369. In connection with the valuation trial, the petitioner’s attorneys entered into a contract with Mont. H. Saunderson, an appraiser, to have him appraise the above acreage as of 1903. The contract provided that Mr. Saunderson’s fee was to be a single fixed sum to be paid from any judgment entered in the case or, if there was no judgment, from any *946 funds thereafter obtained by the tribe and appropriated for the purpose of paying the fee of the appraiser. Because language in the Commission’s opinion in the Qrow case, 10 Ind. Cl. Comm. 228, denying additional compensation for two expert witnesses for that tribe raised some question as to the validity of Mr. Saunderson’s Kalispel contract, the petitioner herein filed a motion with the Commission asking for a declaratory ruling on the validity of Mr. Saunderson’s contract which differed from the contracts in the Grow case in some respects. Following a hearing and argument on the motion, the Commission ruled, on February 28, 1963, that it did not have jurisdiction to pass on the merits of the matter at that time but added that unofficially it believed the contract of Mr. Saunderson invalid under the Grow case ruling.
On May 31, 1962, the Kalispel Tribe moved the Court of Claims for leave to file a petition for a writ of mandamus or certiorari, and further moved that a rule be issued directing the Indian Claims Commission to show cause why such a writ should not issue in accordance with the petition. The petitioner prayed that the court rule (1) that the question raised by the petitioner as to the validity of the Saunderson contract was a question which might be presently ruled on by the Commission and (2) that the contract was valid and that a writ of mandamus or certiorari should issue to the Commission accordingly. The petitioner argued that under the All Writs Statute, 28 U.S.C. § 1651, providing that all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, the Court of Claims has undoubted power to issue the writ of mandamus in aid of its appellate jurisdiction over the Indian Claims Commission, 25 U.S.C. § 70s, and that the only question remaining is whether the court will exercise its discretion to do so. Petitioner pointed out that the Commission’s ruling makes it impossible for it to engage appraisers because it has no funds with which to pay them and therefore payment must be made out of the judgment in the case in which the Commission has already held the Government liable. Petitioner further pointed out that because the order *947 is not a final one, it cannot appeal and unless the court grants relief by mandamus, it is without a remedy.
On June 22, 1962, the court, being of the opinion that in the present posture of the case it should not intervene in the conduct of the proceedings of the Commission, ordered that petitioner’s motion for leave to file the petition for a writ of mandamus or certiorari be and the same was denied without prejudice.